# EXHIBIT 1

BLACKWELL LYNCH & BERNARD, PLLC
3101 N. Central Ave., Suite 820
Phoenix, AZ 85012
Tel: (480) 227-4984
Fax: (602) 865-1527
Gillmore Bernard SBN 032306
Gill@azjustice.com
Attorneys for Plaintiff



COPY



OCT 08 2019

CLERK OF THE SUPERIOR COURT
M. MARIN
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Michael Butler and Marina Kreutz

  Plaintiffs,

vs.

City of Tempe, Tempe Police Chief Sylvia Moir, Officer Jade Bricksler and John Doe Bricksler, Wife and Husband, WNB Willow Creek LLC, CCW Willow Creek LLC, Aaron Morris, Kristen Barnett, Rachel Stallings,

  Defendants.

NO: CV2019-012931

**1ST AMENDED COMPLAINT**
(Jury Trial Requested)

Plaintiff Michael Butler and Marina Kreutz by and through counsel undersigned, for their Complaint, allege as follows:

1.  Plaintiff Michael Butler is a single individual and is a resident of Phoenix, Maricopa County, Arizona.

2.  Plaintiff Marina Kreutz is a single individual and is a resident of Phoenix, Maricopa County, Arizona.

3.  Defendant City of Tempe is a public, municipal entity, formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes and, as such, is subject to civil suit and may be held independently liable as an entity or municipality, and vicariously liable for

the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including the City of Tempe Police Department, Tempe Police Department Chief Sylvia Moir, and its officers and employees of their division.

2. Defendant Sylvia Moir ("Chief Moir") holds the position of City of Tempe Chief of Police and employer of Officer Jade Bricksler.

3. At all times material herein, Defendant Moir was appointed the Chief of the Tempe Police Department. Defendant Moir had ultimate authority and supervisory responsibility for Tempe Police operations and was the final policy maker. In such capacity, Defendant Moir was an officer, agent, and employee of the City of Tempe and the Tempe Police Department, with the authority and responsibility to establish policies, practices, customs, procedures, protocols, and training for the City's Police. Defendant Moir's actions or inactions constitute actions of the City of Tempe, and the Tempe Police Department. The City of Tempe and the Tempe Police Department are vicariously liable for Defendant Moir's wrongful conduct, as alleged herein. Defendant Moir is named both in her official and individual capacity for purposes of this Complaint.

4. Upon information and belief, Defendants Officer Jade Bricksler and John Doe Bricksler are a married couple residing in Maricopa County, Arizona. Defendant Bricklser's acts, errors and omissions alleged herein were done for the benefit and furtherance of the Bricksler marital community. At all times mentioned, Defendant Bricksler was an employee of the Tempe Police Department. Defendant Bricksler is being sued individually and in her official capacity as an Officer of the Tempe Police Department.

5. Defendant WNB Willow Creek LLC, is an Arizona limited liability company doing business in Phoenix, Arizona and owner of Willow Creek Apartments.

6. CCW Willow Creek LLC, is an Arizona limited liability company doing business in Phoenix, Arizona and owner of Willow Creek Apartments.

BLACKWELL LYNCH & BERNARD, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

BLACKWELL LYNCH & BERNARD, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

7.      Defendant Aaron Morris is a single individual and is a resident of, Maricopa County, Arizona.

8.      Defendant Kristen Barnett is a single individual and is a resident of, Maricopa County, Arizona.

9.      Defendant Rachel Stallings is a single individual and is a resident of, Maricopa County, Arizona.

## JURISDICTION & VENUE

10.     Jurisdiction is appropriate in this Court pursuant to the Arizona Constitution, A.R.S. §§12-122, 12-123 and common law.

11.     Venue is proper in this court pursuant to A.R.S. §12-401 as the defendants are residents of Maricopa County and/or are doing business in Maricopa County, Arizona and the events underlying this lawsuit occurred in Maricopa County.

12.     Plaintiffs have satisfied the provisions of A.R.S. §12-821.01 by serving upon Defendants City of Tempe, Tempe Police Chief Sylvia Moir and Officer Jade Bricksler a notice of claim. Pursuant to A.R.S. §12-821.01(E), the claim has been denied by all above Defendants.

## GENERAL FACTS

13.     All of the allegations set out above are reasserted and incorporated by reference.

14.     On August 1, 2018, Plaintiffs entered into a leasing agreement with Willow Creek Apartments.

15.     The apartment in question, number 133, is situated within Willow Creek Apartments, located at 2020 E. Broadway, Tempe.

16.     On October 13, 2018, Plaintiffs permitted Mr. Arron Morris and Ms. Kirsten Barnett to stay as temporary guests within their apartment.

BLACKWELL LYNCH & BERNARD, PLLC
3101 N. Central Ave, Suite 820
PHOENIX, AZ 85012

17.    Plaintiffs were the exclusive tenants on the apartment lease. Neither Mr. Morris nor Ms. Barnette were included on the lease for the apartment at any time. Additionally, there was no oral or written agreement between Plaintiffs, Mr. Morris or Ms. Barnette regarding division of rent or the payment of utilities prior to or during Ms. Barnett and Mr. Morris' brief stay.

18.    On October 16th, 2018, Tempe police were called to Plaintiffs' apartment in response to a domestic violence dispute.

19.    Mr. Michael Butler was subsequently arrested.

20.    Prior to being transported to the Tempe Police Station, Mr. Butler requested Mr. Morris and Ms. Barnette immediately leave Plaintiffs' residence.

21.    Mr. Butler also requested that Mr. Morris and Ms. Barnette surrender the key to Plaintiff's apartment and place it on the tire of his vehicle.

22.    Mr. Morris and Ms. Barnette failed to leave Plaintiffs' key.

23.    Upon his release the next day, Plaintiff Butler informed Willow Creek management of the previous night's events.

24.    Mr. Butler also discovered that his key had not been returned to him.

25.    In order to secure his home, Mr. Butler requested that Willow Creek change the lock to his apartment and Willow Creek complied.

26.    On October 21, 2018, Officer Jade Bricksler was contacted by Ms. Barnette requesting a civil standby so that she may retrieve items left at Plaintiffs' residence.

27.    Ms. Barnette requested that Officer Bricksler meet her at Plaintiffs' residence.

28.    Upon arrival, Officer Bricksler was met by Ms. Barnette, Rachel Stallings and Mr. Morris.

29.    Ms. Barnette presented to Officer Bricksler Mr. Butler's release conditions imposed by the Court.

BLACKWELL LYNCH & BERNARD, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

30. Soon after, Ms. Barnette attempted to use the key in their possession to open the door, however, the key would not open the door.

31. Officer Bricksler then contacted Mr. Butler to request entrance to the residence.

32. Mr. Butler informed Officer Bricksler that he could not return to the apartment pursuant to his release conditions.

33. Mr. Butler then informed Officer Bricksler that he did not authorize anyone to enter his home unless either himself or Ms. Kreutz were present.

34. Mr. Butler then informed Officer Bricksler that Ms. Kreutz would be home at a later time and that the parties could arrange a time to come back when she was present.

35. Officer Bricksler informed Mr. Butler that she was not going to wait for Ms. Kreutz to return and ended the call with Mr. Butler.

36. Based upon Officer Bricksler's statements and tone, Mr. Butler then contacted Willow Creek management and instructed them not to allow entrance into his residence by anyone except himself or Ms. Kreutz.

37. After her call with Mr. Butler ended, Officer Bricksler visited the management office of Willow Creek.

38. There, Officer Bricksler spoke with a Willow Creek employee named Chelsea.

39. When speaking with Chelsea, Officer Bricksler told Chelsea that she had an order from the Court directing Willow Creek to allow Ms. Barnette and Mr. Morris entrance into Plaintiffs' apartment.

40. Officer Bricksler then presented an unknown form to Chelsea claiming that it was a court order.

41. Chelsea did not fully read the document given to her by Officer Bricksler.

BLACKWELL LYNCH & BERNARD, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

42.     Chelsea traveled to Plaintiffs' apartment with Officer Bricksler and opened the Plaintiffs' apartment with her master key.

43.     There, Officer Bricksler allowed Ms. Barnette and Mr. Morris to take numerous items including money totaling $890.00.

## FIRST CLAIM FOR RELIEF

**Violation of Plaintiffs' Rights under the Fourth Amendment and 42 U.S.C. § 1983 to be free from unlawful search and seizures - Defendant Officer Jade Bricksler**

44.     All of the allegations set out above are reasserted and incorporated by reference.

45.     Defendant Bricksler under color of law, violated Plaintiffs' Fourth Amendment rights when she entered Plaintiffs' residence without consent and without a valid warrant or lawful authority.

46.     Defendant Bricksler's actions were unreasonable because she knew she did not have a valid warrant or lawful authority to enter Plaintiffs' residence, but she entered despite her knowledge.

47.     Defendant Bricksler's actions were unreasonable and egregious in that she obtained access to Plaintiffs' residence by falsely claiming she had lawful authority to do so by "court order".

## SECOND CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 for its Unconstitutional Policies and failure to train –City of Tempe and Tempe Police Chief Sylvia Moir.**

48.     All of the allegations set out above are reasserted and incorporated by reference.

49.     At all times herein Defendants City of Tempe and Moir acted under color of law.

50.     As final policy makers, Defendants City of Tempe and Moir employed a widespread policy that allowed Tempe Police Department officers the ability to unlawfully enter residences in violation of the Fourth Amendment.

51.    Defendant Bricksler acted pursuant to this widespread policy and used it to violate Plaintiffs' Fourth Amendment rights.

52.    As final policy maker, Defendants City of Tempe and Moir knew of and specifically made a deliberate choice to approve Officer Bricklser's actions.

53.    The training policies for Tempe Police Department were not adequate to prevent its officers from violating Plaintiffs' Fourth Amendment Rights.

54.    Defendants City of Tempe and Moir were deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of constitutionally protected rights by its officers.

55.    The failure of Defendants City of Tempe and Moir to prevent violations of constitutionally protected rights by its officers caused the deprivation of Plaintiffs' rights by Officer Bricksler.

## THIRD CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 for its Unconstitutional Policies, Customs, and Failure to Properly Screen, Hire, Train, Retain, and Supervise its Officers –Tempe Police Chief Sylvia Moir in her individual capacity.**

56.    At all times herein Defendant Moir acted under color of law.

57.    Defendant Moir in her individual capacity, was responsible for the training, supervision or control of Officer Bricksler.

58.    Officer Bricksler violated Plaintiffs' rights when she entered Plaintiffs' residence unlawfully and without a warrant or lawful authority.

59.    Defendant Moir employed a policy of warrantless entry of a residence which allows City of Tempe officers the ability to violate the Plaintiffs rights.

60.    Defendant Moir knew that officers of the Tempe Police Department were engaging in a policy that would allow the officers to violate the rights of the Plaintiffs, specifically a policy that allows for a warrantless entry of a residence and knew or

BLACKWELL LYNCH & BERNARD, PLLC
3101 N. Central Ave., Suite 820
PHOENIX, AZ 85012

reasonably should have known that the officer's conduct would deprive the Plaintiffs of their constitutional rights.

61.    Defendant Moir failed to prevent Officer Bricksler from engaging in this policy.

62.    Further, Defendant Moir disregarded the known or obvious consequences that failing to properly and adequately instruct Tempe Officers on constitutional rights would cause.

63.    Because Officer Bricksler was not adequately trained regarding Plaintiffs' Constitutional right against unlawful searches and seizures, Officer Bricksler deprived Plaintiffs' of their Fourth Amendment Rights.

## FOURTH CLAIM FOR RELIEF
### Violation of Arizona Constitution - Defendant Bricksler.

64.    All of the allegations set out above are reasserted and incorporated by reference.

65.    Article 2, § 8 of the Arizona Constitution, provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law."

66.    Defendant Bricksler violated Plaintiffs' rights under the Arizona Constitution when she entered their residence without legal authority.

## FIFTH CLAIM FOR RELIEF
### Negligence Failure to Trian - Defendant Tempe Police Chief Sylvia Moir.

67.    All of the allegations set out above are reasserted and incorporated by reference.

68.    Defendant Moir in her official capacity, possessed the power and authority to hire, train and fire employees of the Tempe Police department and based upon information and belief negligently hired and/or trained Officer Bricksler, then entrusted Officer Bricksler with ensuring the safety of the community.

BLACKWELL LYNCH & BERNARD, PLLC
3101 N. Central Ave, Suite 820
PHOENIX, AZ 85012

BLACKWELL LYNCH & BERNARD, PLLC
3101 N. Central Ave, Suite 820
PHOENIX, AZ 85012

69.    By virtue of the foregoing, Defendant Moir owed Plaintiffs a duty of due care, and a duty to ensure all officers including Officer Bricksler were trained on how to lawfully conduct a civil standby.

70.    Defendant Moir breached her duty by failing to adequately train Officer Bricksler how to lawfully conduct a civil standby.

71.    As a direct and proximate cause of the aforementioned acts of Defendant Moir, Plaintiffs' constitutional rights were violated, their privacy was invaded, and their personal property was stolen.

## SIXTH CLAIM FOR RELIEF
### Trespass – Defendants Officer Jade Bricksler, Aaron Morris, Kristen Barnett and Rachel Stallings

72.    All of the allegations set out above are reasserted and incorporated by reference.

73.    Defendants Officer Jade Bricksler, Aaron Morris, Kristen Barnett and Rachel Stallings intentionally entered Plaintiffs' residence after explicitly being told by Mr. Butler not to enter unless either himself or Ms. Kreutz were present.

74.    None of the above defendants had lawful authority to enter Plaintiffs' residence.

## SEVENTH CLAIM FOR RELIEF
### Violation of Quiet Enjoyment – Willow Creek Apartments LLC

75.    All of the allegations set out above are reasserted and incorporated by reference.

76.    Every lease contains an implied covenant of quiet enjoyment which enumerates a lessee's right to use and enjoyment of the leased premises without any interference on the part of the landlord.

77.     Defendant Willow Creek Apartments LLC breached that covenant when its agents allowed Defendants Bricksler, Morris, Barnett and Stallings to unlawfully enter Plaintiffs' residence after explicitly being told not to allow the above individuals access.

78.     As a direct and proximate cause of defendants' breach of covenant, Plaintiffs' privacy was invaded, and their personal property was stolen.

## EIGHTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress – Officer Bricksler

79.     All of the allegations set out above are reasserted and incorporated by reference.

80.     Defendant Bricksler used her status as an officer to violate Plaintiffs' constitutional right when she falsely claimed that she had a court order to enter Plaintiffs' residence.

81.     Defendant Bricksler's above-described conduct was extreme, unreasonable and outrageous.

82.     Because of Defendant Bricksler's actions Plaintiffs have suffered extreme emotional distress.

83.     In engaging in the above-described conduct, Defendant Bricksler intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiffs would suffer extreme emotional distress as a result of her conduct.

## TENTH CLAIM FOR RELIEF
### Theft – Aaron Morris, Kristen Barnett and Rachel Stallings

84.     All of the allegations set out above are reasserted and incorporated by reference.

85.     Without lawful authority or the consent of Plaintiffs, Defendants Aaron Morris, Kristen Barnett and Rachel Stallings entered into Plaintiffs' residence and took money from the Plaintiffs totaling $890.00.

86.    Defendants Aaron Morris, Kristen Barnett and Rachel Stallings intended to deprive Plaintiffs of the $890.00

87.    To date the $890.00 has not been recovered.

## NINTH CLAIM FOR RELIEF
### Negligence – Willow Creek Apartments LLC

88.    All of the allegations set out above are reasserted and incorporated by reference.

89.    Defendant Willow Creek LLC had a duty to not to let unauthorized individuals into Plaintiffs' residence.

90.    Defendant Willow Creek LLC breached its duty when it allowed Defendants Officer Bricksler, Aaron Morris, Kristen Barnett and Rachel Stallings to enter Plaintiffs' apartment despite Mr. Butler explicit directions not to allow them inside his residence.

91.    Defendant Willow Creek LLC, specifically its employees' actions are the direct and proximate cause of the breach.

92.    Because of Defendant Willow Creek LLC actions, Plaintiffs suffered actual, emotional and compensatory damages to be determined at trial.

WHEREFORE, Plaintiffs Michael Butler and Marina Kreutz prays for judgment against the Defendants and each of them, jointly and severally, as follows:

a) For Actual damages;

b) For damages for mental pain and suffering, and limitation of their normal activities, both past and future, in an amount to be proven at trial;

c) Punitive damages

d) For taxable court cost;

e) For such other and future relief as Court deems just and proper.

BLACKWELL LYNCH & BERNARD, PLLC
3101 N. Central Ave, Suite 820
PHOENIX, AZ 85012

DATED this 8ᵀʰ day of October, 2019.

BLACKWELL, LYNCH & BERNARD, PLLC

By_____

JOCQUESE L. BLACKWELL
JEFFERY LYNCH
GILLMORE B. BERNARD
3101 N. Central Ave., Suite 820
Phoenix, AZ 85012
Attorneys for Plaintiff